**UNITED STATES of America,**
**Appellee,**

v.

**Miguel URENA, Defendant–Appellant.**

**No. 10–645–cr.**

United States Court of Appeals,
Second Circuit.

April 14, 2011.

Ian M. Christy (Michael S. Schachter, Meghan E. Silhan, on the brief), Willkie Farr & Gallagher LLP, New York, NY, for Appellant.

Justin Anderson (Daniel A. Braun, on the Brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District, New York, NY, for Appellee.

Defendant Miguel Urena stands convicted on a guilty plea of failure to appear in 1994 in the United States District Court for the Southern District of New York as required by release conditions in connection with crack cocaine trafficking charges punishable by 15 years' or more imprisonment. *See* 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i).[1] On appeal, Urena challenges the reasonableness of his 60–month prison sentence—a variance from the applicable 18–to–24–month Guidelines range—on both procedural and substantive grounds.[2] *See United States v. Canova,* 485 F.3d 674, 679 (2d Cir.2007). We have analogized reasonableness review to that for abuse of discretion. *See United States v. Cavera,* 550 F.3d 180, 187–89 (2d Cir.2008) (*en banc*). Applying that standard here, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. *Procedural Error*

Urena submits that the district court committed procedural error when it considered the 1994 drug charges in sen-

---

**1.** Urena remained a fugitive for more than a decade, during which time his New York drug confederates were all convicted, but the physical evidence against Urena was thereafter lost in the September 11, 2001 destruction of the World Trade Center. As a consequence, in 2010 the 1994 drug charges against Urena were dismissed on the government's *nolle prosequi* application. In the interim, Urena joined a different crack cocaine trafficking conspiracy in Massachusetts. Convicted for that conduct, Urena was sentenced in the District of Massachusetts to a 151–month prison term.

**2.** The district court ordered Urena's 60–month sentence to run consecutively to the 151–month term imposed in the District of Massachusetts.

tencing him for bail jumping. *See United States v. Taylor*, 487 U.S. 326, 338 n. 9, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (observing, in case in which original charges were dismissed under Speedy Trial Act after defendant failed to appear, that it would have been "highly improper" to aggravate defendant's sentence for bail jumping "on the basis of the Court's untested and unsubstantiated assumption of what the facts might have been shown to be with regard to" the original charges). As factual support, Urena points to the district court's sentencing observation that flight had allowed Urena to "alter the risk of conviction and a very heavy sentence on the underlying offense and transmute it to the risk of conviction on an offense that carried a considerably lesser maximum penalty." Sentencing Tr. at 17–18. This statement, which references only the reduced risk achieved by Urena's flight, not any assumption about his underlying guilt, does not manifest *Taylor* error.[3]

In fact, the sentencing record demonstrates that when defense counsel voiced concern that the district court might enhance Urena's sentence based upon an assumption that he was guilty of the underlying drug trafficking charges, the district court explicitly rejected the suggestion: "Someone who has never been convicted of a charge is presumed innocent as to those charges, so the underlying charges are neither here nor there." Sentencing Tr. at 8; *see also id.* at 13 (reiterating assumption that Urena was innocent of underlying charges). On this record, we identify no basis to conclude that the challenged sentence was in any way informed by an "untested and unsubstantiated assumption" of Urena's guilt on the 1994 charges. *United States v. Taylor*, 487 U.S. at 338 n. 9, 108 S.Ct. 2413. Accordingly, we reject

Urena's procedural challenge as without merit.

### 2. Substantive Unreasonableness

■ In arguing that a non-Guidelines sentence was substantively unreasonable, Urena mistakenly relies—at least initially—on 18 U.S.C. § 3553(b)(1) (generally requiring imposition of Guidelines sentences), a statutory provision expressly severed and excised by the Supreme Court in *United States v. Booker*, 543 U.S. 220, 259, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to avoid invalidation of the Sentencing Reform Act in its entirety. He also relies on cases predating the Supreme Court's clarifications in *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), of district courts' broad discretion to impose non-Guidelines sentences after *Booker*. As we have observed, *Gall*, *Kimbrough*, and *Rita* required some modification of our court's post-*Booker* sentencing jurisprudence. *See United States v. Cavera*, 550 F.3d at 188; *see also United States v. Jones*, 531 F.3d 163, 181 (2d Cir.2008) (noting that, prior to *Kimbrough* and *Gall*, this court had misapprehended scope of district court's discretion to reject Guidelines sentencing policies).

In *Gall*, the Supreme Court explained that while a district court is statutorily obligated to give the Guidelines fair consideration, it "may not presume that the Guidelines range is reasonable" and must itself make an "individualized assessment" of the sentence warranted under 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. at 50, 128 S.Ct. 586; *see Kimbrough v. United States*, 552 U.S. at 101, 128 S.Ct.

---

**3.** Because we identify no *Taylor* error in Urena's sentence, we need not here resolve the parties' dispute as to whether that decision applies outside the Speedy Trial Act context.

558; *accord United States v. Cavera,* 550 F.3d at 187–88; *United States v. Jones,* 531 F.3d at 170. Moreover, while a reviewing court may expect a major variance from the Guidelines to be supported with "a more significant justification than a minor one," *Gall v. United States,* 552 U.S. at 50, 128 S.Ct. 586, it cannot presume the unreasonableness of a non-Guidelines sentence, *see Rita v. United States,* 551 U.S. at 354–55, 127 S.Ct. 2456, or demand "extraordinary" circumstances to justify such a sentence, *Gall v. United States,* 552 U.S. at 47, 128 S.Ct. 586; *see also Kimbrough v. United States,* 552 U.S. at 113, 128 S.Ct. 558 (Scalia, J., concurring) (observing that Sixth Amendment prohibits appellate courts from applying rules or standards of review that effectively place "thumb on the scales" in favor of Guidelines sentences); *United States v. Verkhoglyad,* 516 F.3d 122, 136 (2d Cir.2008) (holding that explanation for non-Guidelines sentence need not be "extensive or detailed"). Consistent with these principles, our court has stated that, on substantive reasonableness review, we will not set aside a district court's determination as to the appropriate sentence except in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera,* 550 F.3d at 189 (internal quotation marks omitted); *United States v. Jones,* 531 F.3d at 174 (observing that in "great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable"). This is not such an exceptional case.

In imposing the challenged sentence, the experienced district judge stated that, in "14 years on the bench," he had not encountered "a more egregious case of bail jumping than in the case of this defendant." Sentencing Tr. at 17. The court explained as follows:

> Facing very heavy time, clothed with the presumption of innocence, clothed with all of the innumerable procedural protections that this country affords criminal defendants, he chose instead to flee and to, in effect, as I mentioned before, by the flight and by the length of his absence, alter the risk of conviction and a very heavy sentence on the underlying offense and transmute it to the risk of conviction on an offense that carried a considerably lesser maximum penalty. And any doubt about his bad faith and his desire to permanently escape justice altogether, while committing new crimes, is contradicted by the burning of his fingerprints [to avoid detection] and the commission of the Massachusetts drug conspiracy. The combination, in this Court's view, is devastating proof of just how fully this defendant intended to flout the laws of the United States and make a mockery of the constitutional right to bail that he had the benefit of.

*Id.* at 17–18. This is more than sufficient to allow us to conclude that the challenged sentence fell within the broad range that must be considered substantively reasonable.[4] Accordingly, we reject Urena's substantive challenge as without merit.

3. *Conclusion*

We have considered Urena's other arguments on appeal and conclude that they

---

**4.** To the extent Urena initially faulted the district court for failing to provide any written reasons for the challenged sentence as required by 18 U.S.C. § 3553(c)(2), he appears to have abandoned this argument in light of the government's response that the reasons were filed separately from the public judgment and under seal. Because these reasons incorporate the district court's oral comments at sentencing, which we find adequate to demonstrate the substantive reasonableness of the challenged sentence, we need not discuss this point further.

are without merit. Accordingly, we AF-FIRM the judgment of conviction.